LOUIS GENEREUX, a minor, by his next friend, *vs.* ARTHUR C. SIBLEY.

In an action for wages brought by a minor the defendant set up an agreement between the plaintiff, his brother in law with whom he boarded, and the defendant, that the whole wages of the plaintiff should be used in paying for necessary supplies for the family of the brother in law. The plaintiff denied this agreement.

*Held,* that the jury should determine whether the agreement was made and whether it covered more than the reasonable necessaries for which alone the plaintiff minor could be liable when furnished to him or for his use.

EXCEPTIONS to the Court of Common Pleas.

*October* 31, 1892.    TILLINGHAST, J.    At the trial of this case, in the Court of Common Pleas, there was a conflict in the testimony, as to the agreement which the plaintiff, an emancipated minor, made with the defendant, concerning the services of the former, and the manner in which compensation therefor should be made.    The defendant offered evidence to the effect, that by virtue of a tripartite agreement between one Chamberlain, brother in law of the plaintiff, the plaintiff and the defendant, the entire wages of the plaintiff were to be used in paying for necessary supplies for said Chamberlain's family, with whom the plaintiff boarded, and that the defendant was to pay the same to the provision dealers who should furnish such supplies; while the plaintiff on the other hand denied the making of any such agreement, and contended that he was only liable to the defendant for necessaries which the latter had furnished to him or for his use, at his request, during the time of his employment.    It was therefore for the jury to determine what the contract was, and also whether, if it was such as contended for by the defendant, it was binding on the plaintiff, he being a minor, and only holden for necessaries.    The court properly instructed the jury, that the plaintiff had the right to agree with the defendant that so much of his wages as were for necessaries, considering his degree and condition in life, might be appropriated therefor, and that he would be bound by such an agreement and appropriation.    But that if the jury was satisfied that the amount paid by the defendant to others than the infant plaintiff for his support, or the payment of bills, was not properly for the necessaries of the infant plaintiff, then by so much as such payments were in excess of the amount so required, the defendant would be responsible.

We think this instruction was correct.

The defendant was not warranted, even with the consent of the plaintiff, in assuming the payment of bills for goods to be supplied to said Chamberlain in excess of the amount necessary for the support of the plaintiff.    If he did guar-

antee or assume debts, in excess of such amount, it was at his own risk.

We do not find from the record presented to us, that there was any evidence in the case to show that the plaintiff was indebted to said Chamberlain for back board, at the time he entered the defendant's employ. The refusal of the court, therefore, to permit the jury to consider any question relating to such board, was not error.

The defendant requested the presiding justice to charge the jury, that "if the plaintiff authorized the defendant to pay the wages earned by plaintiff, to any person, payment by the defendant to such person, was payment to the plaintiff; and that such authorization once given, continued until revoked." This request was refused, and the defendant duly excepted. We do not think this was error. No evidence was offered even tending to show that the plaintiff authorized or directed the defendant to pay his wages, as such, to any third person, but only at most, that said wages should all be devoted to the payment for necessary supplies furnished to said Chamberlain in accordance with said alleged tripartite agreement. If, therefore, said agreement was not in fact made, or if made, was not binding upon the plaintiff, both of which were questions for the jury to determine, then there was no authority for the payment of said wages. That is to say: the only authority or direction which the defendant claims that he had from the plaintiff, relative to the payment of said wages to any other person than the plaintiff, was that derived from said alleged agreement, to the effect that all of said wages should be appropriated in the manner aforesaid.

If there had been any evidence showing, or tending to show, that in the contract of hiring, it was stipulated that the wages of the plaintiff were to be paid to his brother in law, Chamberlain, or to any other person as his agent, instead of to the plaintiff personally, and also that they had been so paid in pursuance of such stipulation, said request to charge would have been pertinent. But there was no evidence tending to show such a state of facts.

Said request to charge, therefore, was not pertinent to any

issue raised by the evidence in the case, and was properly refused.

*Exceptions overruled.*

*Livingston Scott*, for plaintiff.

*Cyrus M. Van Slyck*, for defendant.